Davis, J.
The plaintiff’s petition was stricken from the files for the reason that the verification did not show that the attorney who verified did so in conformity to the provisions of Section 5109, Revised Statutes. The plaintiff claims that this was error; and its contention is that Section 5109 does not apply to an agent or attorney of a corporation.
By Section 5102 it is provided that a pleading must be verified by “the party, his agent or attorney.” By Section 5109 it is provided that a pleading can be verified by “the agent or attorney” only in certain cases therein named. It is not disputed that this is a limitation on Section 5102, so far as the latter section relates to parties other than corporations. Why does it not have the same effect when the party happens to be a corporation? Section 5102 provides that “When a corporation is the party, the verification may be made by an officer thereof, its agent or attorney.” Thus an “officer” of the corporation is made to take the place of “the party” in the preceding clause of the section; and in this view the two sections would seem to stand together as well when a corporation is a party as in any other case.
But to this reasoning the plaintiff objects with the proposition that an “officer” of a corporation is only an agent of the corporation and that “officer thereof, its agent or attorney” means no more than “agent or attorney” in the first clause of the section. Hence, he argues, if Section 5109 applies to the agents or attorneys of corporations there may be cases in which there can be no verification at all, because, on this hypothesis, an officer is only an agent and agents can verify only when they *94 have personal knowledge of the facts, etc. In this way, it is claimed, when a corporation is a party it may be deprived of the right to verify on belief, as provided in Section 5105.
This reasoning is not sound. Assuming for the purposes of the argument that an officer is an agent, it may be regarded as certain that some agent of the corporation would have personal knowledge of the facts alleged; but it does not follow, because an agent must have personal knowledge of the facts alleged before he can be permitted to verify for the party, that he can not state in his affidavit that he believes the facts stated to be true. Section 5105. The agent must have personal knowledge of the facts, as his principal is presumed to have, but he may, as his principal may, make affidavit that he believes the facts stated in the pleading to be true; and this has been the practice under the code from the beginning. See forms under the code of civil procedure in Swan’s Plead. & Prac. (i860), 222; Nash’s Plead. & Prac. (1st Ed., 1856, and 2d Ed., 1859), 98; 1 Bates’ Plead., .Parties & Forms (1881), 250.
It requires, however, only a cursory turning over of the statutes, decisions and text-books relating to corporations, to discover that everywhere and at all times there is drawn a broad line of demarcation between the officers who manage the affairs of a corporation, and its mere agents; and we therefore can not avoid the conclusion that in drafting Section 5102 the legislature used the word “officer” in contradistinction to the -word “agent,” and not tautologically; and that an officer of a corporation may verify a pleading when an *95 agent can or can not do so. The argument of the plaintiff therefore necessarily fails.
It has been suggested that since Section 113 of the code of civil procedure, now Section 5109 of the Revised Statutes, provided that when an agent or attorney verified a pleading he must set forth the reason why it was not verified by the party, and since that provision was left out in the revision of 1880, the omission may have some significance. It does not seem to us that this change in the language of the section should have the slightest effect in the construction of these sections to which we have referred, when taken together. The expressed purpose of the act of March 27, 1875 (72 O. L., 87), was “to revise and consolidate the general statute laws of the state;” and it was specifically provided, “That in performing this duty, the said commissioners shall bring together all the statutes and parts of statutes relating to the same matter, omitting redundant and obsolete enactments, and such as have no influence on existing rights or remedies, making alterations to reconcile contradictions, supply omissions, and amend imperfections in the original acts, so as to reduce the general statutes into as concise and comprehensive a form as is consistent with clear expression of the will of the general assembly, rejecting all equivocal and ambiguous words, and circuitous and tautological phraseology.” It seems, long before that time, to have become the general, if not universal, construction of code section 113, that it was a compliance with the section to show in the affidavit that the case belonged to some one of the classes named in that section, without stating any other reason why “the party” *96 did not verify. Kerns v. Roberts et al., 3 West. Law Month. (1861), 604. It was therefore not merely proper to omit the clause which was omitted, but it was the imperative duty of the commissioners to- do so. That clause was already “redundant and obsolete.” The omission did not change the meaning of the section as it was already interpreted in practice; nor as it should be interpreted with reference to the question now made. Ash v. Ash et al., 9 Ohio St., 384, 387; State, ex rel. Clough v. Commissioners of Shelby County, 36 Ohio St., 326; Allen v. Russell, 39 Ohio St., 336. The agent or attorney must still give the reason why he verifies, by stating in the affidavit that the case is included in one of the classes defined in Section 5109.
From our study of Sections 5102, 5105 and 5109, we deduce the following conclusions. 1. Every pleading of fact must be verified by the party, his agent or attorney. 2. When the party is a corporation it must be verified by an officer thereof, or by its agent or attorney. Officer and agent are not equivalent terms. 3. When a pleading is verified by an agent or attorney, the affiant must in all cases state in the affidavit that the' case is one included in one or more of the classes mentioned in Section 5109. 4. If the case is one in which the facts are within the personal knowledge of the agent dr attorney, he may nevertheless add in his affidavit the statement that he.believes that the facts stated in the pleading are true, as provided in Section 5105.

Affirmed.

Price, Summers and. Spear, JJ., concur.